# CIRCUIT COURT OF ORANGE COUNTY

James L. Brown,
Trustee

v.

Mary Rose Green,
Trustee, et al.

January 11, 2008

Case No. CL06-000218

BY JUDGE DANIEL R. BOUTON

I am writing to advise you of the court's ruling in connection with the above referenced case.

## Procedural History

The case was tried *ore tenus* on November 8, 2007. After all of the evidence was presented, the court took the case under advisement and directed counsel to submit written arguments in support of their respective positions. Subsequently, Mr. Thomas advised the court that his client and the plaintiff had resolved their differences. Therefore, for the benefit of the remaining litigants, the ruling and the court's rationale for it are set forth below.

## Analysis

The first issue that must be resolved is whether the evidence is sufficient to prove by clear and convincing evidence the existence of any prescriptive easement. The elements of proof for such an easement are well known and have been thoroughly discussed by the Supreme Court of Virginia in many decided cases. Specifically, the claimant must prove that the "use of

the roadway in question was adverse, under a claim of right, exclusive, continuous, uninterrupted, and with the knowledge and acquiescence of the owner of the land over which it passes and that the use has continued for at least twenty years." *Martin v. Moore*, 263 Va. 640 645, 561 S.E.2d 672 (2002). Moreover, once the court finds that "there has been an open, visible, continuous, and unmolested use of a road across the property of another for the prescriptive period, the use will be presumed to be under a claim of right, and places upon the owner of the servient estate the burden to rebut this presumption by showing that the use was permissive, and not under a claim of right." *Ward v. Harper*, 234 Va. 68, 70-71, 360 S.E.2d 179 (1987).

Turning to the evidence in the case, it is not necessary to conduct a detailed review of all of the testimony that was presented. Rather, the court finds that the evidence regarding the use of the road prior to 1971 was too limited and too remote to justify the establishment of any prescriptive easement. Specifically, while some witnesses testified that the road had been used during this time, the evidence did not prove to the satisfaction of the court that any such use was visible, open, continuous, uninterrupted, and under a claim of right.

On the other hand, many credible witnesses testified that the disputed road was consistently used as a means of ingress and egress to the property of the plaintiff beginning in approximately 1971 and continuing through the date on which the litigation once was commenced. After giving full consideration to all of the evidence that was presented at trial for this period of time, the court is persuaded that the open, visible, and continuous use of the road was proven. The plaintiff is therefore entitled to a presumption that the use was under a claim of right, and the burden is on the servient owner, the defendant, to rebut this presumption. Here, the defendant has not produced or cited any evidence in the case that would rebut the presumption. As a result, the court is satisfied that clear and convincing evidence has been elicited to prove the prescriptive easement.

Having found that a prescriptive easement has been established, the court will next address the dimensions of the easement. On this point, Mr. Grymes testified that the width of the roadbed in question was approximately ten to twelve feet. This estimate was also consistent with the testimony that was offered at trial on this issue. Furthermore, the survey prepared by Mr. Grymes includes several precise measurements that pertain to the road. In particular, the survey depicts the width of the road as eleven feet at a number of different points. Based on all of the evidence, the court finds that the width of the prescriptive easement will be eleven feet.

The remaining disputed issue lies in the nature of the prescriptive easement that will be awarded and the types of uses that will be permitted. On this point, the court must consider what uses have actually been made of the road during the prescriptive period. As noted by the Supreme Court of Virginia in the case of *Amstutz v. Everett Jones Lumber Corp.*, 268 Va. 551, 560, 604 S.E.2d 437 (2004), any such use must be "of such frequency and continuity as to give reasonable notice to a servient landowner" that a right "is being exercised against him." A prescriptive easement granted by the court does not provide the owner of the dominant estate with any general property rights, nor does it confer upon such owner the power to expand or change the nature of the easement. Rather, a prescriptive easement must be narrowly defined and premised on the specific activities that have been relied on to establish the easement in the first place. As the Supreme Court of Virginia explained in the case of *McNeil v. Kingrey*, 237 Va. 400, 406, 377 S.E.2d 430 (1989), "We have recognized that the proposed uses to be made of a prescriptive easement must be of the same nature and character as those exercised during the prescriptive period. . . ."

In the present case, the court finds that clear and convincing evidence has not been elicited to demonstrate that the road has been used for conventional, residential purposes for a period of twenty years. There was some evidence that two houses were on the property at some point in the past. However, the evidence did not prove that any visible and consistent use of the road for residential purposes occurred for any particular period of time. There was also evidence that, during some of their weekend, recreational visits to the property, the Brown family slept in an old house that remained on the property; however, the dwelling had no plumbing or utility service and it was never capable of being occupied as a conventional residence. Thus, the road was never used to provide regular access to a permanent home during the prescriptive period.

On the other hand, the court finds that the prescriptive easement would allow the road to be used for limited agricultural purposes such as farming, grazing for animals, and other pastoral activities associated with livestock and farm animals. The use of the road would also include recreational pursuits like camping, fishing, hunting, and hiking. Such recreational activities would encompass regular overnight visits and extended trips to the property to allow for the full recreational enjoyment of the land that occurred during the prescriptive period. These uses are completely consistent with the activities that were taking place when the disputed road was being used as a means of ingress and egress to the Brown property.

## Conclusion

Based on the above discussion, the court finds that the complainant has proved by clear and convincing evidence that he is entitled to a prescriptive easement of eleven feet in width, as defined in this letter opinion. The plaintiff is therefore entitled to permanent injunctive relief that prohibits the defendant from interfering with the lawful use of the easement.